UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:07CV-P159-R

**ABDUL HAKEEM MALIK**                                                                                      PLAINTIFF

v.

**MARTIN F. MCDONALD** *et al.*                                                                            DEFENDANTS

### MEMORANDUM OPINION

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 ("§ 1983"). The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims.

### I. SUMMARY OF CLAIMS

Plaintiff, Abdul Hakeem Malik, a former pretrial detainee at the Louisville-Metro Department of Corrections,[1] has filed suit against: Jefferson County Circuit Judge Martin F. McDonald, Jefferson County Commonwealth Attorney R. David Stengel, Jefferson County Commonwealth Attorney Shelly Blake Lemens, Louisville-Metro Police Officer KinKade #1153, and Louisville-Metro Police Officer Beauford #1154. Plaintiff sues each Defendant in both his/her official and individual capacities.

According to Plaintiff, on November 24, 2003, he was involved in a serious car accident that left him hospitalized. Plaintiff was arrested as a result of the car accident. Plaintiff claims that while in the hospital the police confiscated his wallet, which contained his identification card listing his legal name as "Abdul Hakeem Malik." He further alleges that Defendants confirmed that in 1991 Plaintiff legally changed his name from "Dwayne Thomas Edwards" to "Abdul Hakeem Malik."

---

[1] Plaintiff is currently incarcerated at the Eastern Kentucky Correctional Complex.

Nevertheless, Plaintiff alleges that Defendants arraigned him under his birth name "Dwayne Thomas Edwards" and throughout his state court criminal proceedings persisted in refusing to recognize Plaintiff as "Abdul Hakeem Malik" despite being supplied with confirmation from Plaintiff's public defender in January 2004 that Plaintiff legally changed his name in 1991. Plaintiff claims that because Defendant McDonald chose to sentence him under his old name, the Kentucky Department of Corrections, likewise will not address him by his legal name. Plaintiff explains that his legal name "reflects my religious beliefs and is a precept to it." As such, Plaintiff alleges that Defendants' refusal to recognize him by his legal name violates his right to religious freedom under the First Amendment. As relief, Plaintiff seeks $250,350.00 in compensatory damages, an injunction ordering the state courts to change the original judgment to reflect his proper name so that the Kentucky Department of Corrections will refer to him by his legal name, and punitive damages in the amount of $250,350.00.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, this Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore*, 114 F.3d at 604-05. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set

of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. ANALYSIS

**A.     Official Capacity Damages Claims Against McDonald, Stengel, and Lemens**

Plaintiff has sued Defendants McDonald, Stengel, and Lemens in their official capacities. Official capacity suits represent "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). These Defendants are state officers. Thus, in essence, Plaintiff has sued the Commonwealth of Kentucky. Such a claim is barred by the Eleventh Amendment, which prohibits bringing an action for damages against a state in federal court. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

**B.     Individual Capacity Damages Claims Against McDonald, Stengel, and Lemens**

Judges are immune from liability for decisions made within the scope of their official functions. *See Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004). Likewise, a prosecutor is also afforded absolute immunity from suit when the complained-of activity is "intimately associated with the judicial phase of the criminal process" or performed in a "quasi-judicial" role. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Pusey v. City of Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). Just as judicial immunity attaches to all judicial acts, prosecutorial immunity attaches to protect a prosecutor with respect to his actions which clearly involved his or her role as "advocate" for the government. *Imbler*, 424 U.S. at 431 n.33. A prosecutor is absolutely immune from liability for damages based upon his decisions regarding the

initiation of a prosecution. *See Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990).

For these reasons, Plaintiff's individual capacity claims against Defendants McDonald, Stengel, and Lemons must be dismissed.

**C.     Injunctive Relief Claims Against McDonald, Stengel, and Lemens**

Plaintiff seeks an injunction from this Court requiring Defendants to re-sentence Plaintiff under his legal name, Abdul Malik Hakeem. However, federal courts have no general power to compel action by state officers in the performance of their duties, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

**D.     Individual Capacity Claims Against Defendants Kinkade and Beauford**

Plaintiff does not mention Defendants Kinkade and Beauford by name in the body of his complaint, although he refers to the fact that two officers who transported and booked him knew his legal name was "Abdul Hakeem Malik." He does not allege that these "two officers" had any role in the decision to arraign him under the name Dwayne Thomas Edwards or the subsequent refusal by the state court to recognize him as "Abdul Hakeem Malik."

The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief under § 1983, the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff

4

complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Plaintiff has failed to sufficiently describe how Defendants Kinkade and Beauford were involved in the state's refusal to recognize Plaintiff by his legal name. Accordingly, Plaintiff's individual claims against them must be dismissed.

**E.     Official Capacity Claims Against Kinkade and Beauford**

These official capacity claims are actually claims against Louisville-Metro. "[A] municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has failed to allege the existence of a governmental policy or custom relative to the nature of his complaints and claims. Nothing in the complaint demonstrates that his injuries occurred as a result of a policy or custom executed or endorsed by Louisville-Metro. As such, Plaintiff's

official capacity claims must be dismissed for failure to state a claim.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:	Plaintiff, *pro se*
	Defendants
	Attorney General, Commonwealth of Kentucky
	Jefferson County Attorney

4413.008